IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| MARINA HENSHAW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. __1:26-cv-3595____ |
| | § | |
| STANDARD INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendant Standard Insurance Company ("The Standard"), for the purpose only of removing this case to the United States District Court for the District of Colorado, respectfully states:

**1.**    **State Court Action.**    Plaintiff Marina Henshaw ("Plaintiff") filed her Complaint and Jury Demand (the "Complaint") in the District Court, County of Arapahoe, State of Colorado, Cause No. 2026CV031899, on July 14, 2026 (the "State Court Action"). Therein, Plaintiff asserts claims against The Standard for breach of contract and for statutory and common-law bad faith on the alleged improper denial of long-term disability ("LTD") benefits under a group disability insurance policy ("Group Policy") issued by The Standard.

**2.**    **Diversity of Citizenship.** The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] Specifically, Plaintiff was a citizen and resident of the state of Colorado

---

[1] While this Court is properly vested with diversity jurisdiction over Plaintiff's state law claims for the reasons discussed *infra*, the Court may also be vested with federal question jurisdiction. Specifically, Plaintiff asserts an alternative claim for relief under the Employee Retirement Income Security Act, 29 U.S.C. § 1132 ("ERISA").

at the time this action was filed and remains a citizen and resident of Colorado as of the date of this removal. [Compl., ¶ 1.] The Standard is an Oregon corporation with its principal office and place of business in Portland, Oregon.  [*See* Compl., ¶ 2.] Thus, The Standard was a citizen and resident of Oregon at the time this action was filed and remains a citizen and resident of Oregon as of the date of this removal.  Accordingly, complete diversity of citizenship exists between Plaintiff, on the one hand, and The Standard, on the other hand.

  **3.**  **Amount in Controversy.** The amount in controversy requirement is also met.  Based on the face of Plaintiff's State Court Action filings, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  Specifically, Plaintiff filed District Court Civil (CV) Case Cover Sheet for Initial Pleading of Complaint, Counterclaim, Cross-Claim or Third-Party Complaint and Jury Demand (the "Cover Sheet") in the State Court Action, wherein she states that:

---

[Compl., ¶¶ 48-57.] It is irrelevant that Plaintiff "does not believe" the Group Policy is subject to ERISA. [Compl., ¶ 49.] Where Plaintiff pleaded a federal cause of action on the face of her Complaint (even in the alternative), the Court is properly vested with federal question jurisdiction pursuant to 28 U.S.C. § 1331. *Lawser v. Poudre Sch. Dist. R-1*, 171 F. Supp. 2d 1155, 1158 (D. Colo. 2001) ("Based on the § 1983 claim alone, federal jurisdiction exists even though that claim is pled in the alternative and is inconsistent with the plaintiff's breach of contract claim."). Out of an abundance of caution, The Standard hereby asserts this Court is also properly vested with federal question jurisdiction and may exercise supplemental jurisdiction over Plaintiff's state law claims.

---

☒ This party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification:

> By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000."

**Or**

☐ Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3.    ☒    This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

Date: July 14, 2026              s/Thomas A. Bulger_____
                                 **Signature of Party or Attorney for Party**

The Tenth Circuit has made clear that a civil cover sheet like that in this case—which unequivocally asserts that the amount in controversy will exceed $100,000—constitutes an "other paper" under § 1446(b)(3) upon which this case may be properly removed. *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016). *See also Robinson v. KLX, LLC*, No. 22-CV-01201-RM-NRN, 2023 WL 12036416, at *3 (D. Colo. Aug. 3, 2023); *Henderson v. Target Stores*, 431 F. Supp. 2d 1143, 1145 (D. Colo. 2006) ("Defendants can rely on such statements in civil cover sheets in determining whether removal is appropriate."). Accordingly, the amount in controversy is clearly satisfied given Plaintiff's alleged damages on the face of her Cover Sheet.

**4.    <u>Removal is Proper</u>.**   The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interests and costs, and this action is between citizens of different states.  Accordingly, this

action may be removed pursuant to 28 U.S.C. § 1441.  In addition, removal is timely under 28 U.S.C. § 1446(b) as The Standard was served with process on July 20, 2026, which was the first time that The Standard received, through service or otherwise, a copy of the initial pleading (and Cover Sheet) setting forth the claim for relief upon which this action is based.

**5.**      **State Court Documents.**  Pursuant to the Federal Rules of Civil Procedure and D.C.Colo.LCivR 81.1(b), The Standard shall separately file the current docket sheet and all documents filed in the State Court Action within fourteen (14) days of this Notice. A list of the parties and counsel is attached as Exhibit A.  Finally, pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal shall be provided to all adverse parties and filed with the clerk of the state court.

## RELIEF REQUESTED

The Standard requests that the United States District Court for the District of Colorado, accept this Notice of Removal and that it assumes jurisdiction of this cause and grant such other and further relief as may be necessary.

Dated: August 7, 2026

Respectfully submitted,

By: */s/ Ryan K. McComber*
    Ryan K. McComber
    Texas Bar No. 24041428
    ryan.mccomber@figdav.com
    Cameron E. Jean
    (*PHV admission to be filed*)
    Texas Bar No. 24097883
    cameron.jean@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR DEFENDANT
STANDARD INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties who have appeared and registered with CM/ECF and to the following via email:

Thomas A. Bulger
counsel@silvernbulger.com
Silvern & Bulger, PC
363 South Harlan Street, Suite 205
Lakewood, CO 80226
Attorney for Plaintiff

*/s/ Ryan K. McComber*
Ryan K. McComber

NOTICE OF REMOVAL

PAGE 5